UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| United States of America | : | Docket Number: 3:01CR212 |
| v. | | |
| Cornelius Booker | : | June 16, 2008 |

**MOTION FOR REDUCTION OF SENTENCE**
**(AND INCORPORATED MEMORANDUM)**

Pursuant to 18 U.S.C. § 3582(c)(2), and the points and authorities related herein, Cornelius Booker, by his attorney, moves this Court to reduce the 144 month sentence it imposed on February 14th, 2003, on the defendant's guilty plea to distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), to a sentence of 120 months, the mandatory-minimum sentence for this offense.

In support of this motion, the court is informed as follows:

1.  At the time of sentencing, the parties stipulated that the defendant's offense conduct involved more than 150 but less than 500 grams of cocaine base, resulting in an offense level of 34. Moreover, the government agreed that the defendant's status as a career offender was an overstatement of his criminal history. See Government Sentencing Memo (dated 2-13-03) p. 2. The government also did not object to a departure based on the defendant's extraordinary rehabilitative efforts. *Id*.

2.  The Court, in reliance on the Second Circuit decisions in Mishoe and Brothers, and based on all of the materials before it, fashioned an appropriate departure and sentenced Booker to 144 months, which was within the range of 135 to 168 months. Neither party appealed this sentence.

3.  This defendant was not sentenced under the career offender guideline. Cf U.S. v. Gutierrez, 2008 WL 927564 (D. Conn. April 4, 2008).

1

  4. This was a pre-<u>Booker</u> ( no relation) sentencing. Hence, the Court's discretion was greatly circumscribed.

  5. Subsequent to Cornelius Booker's sentencing, on November 1, 2007, an amendment to § 2D1.1of the guidelines took effect, which, generally reduces base offense levels for most quantities of crack cocaine by two levels. This amendment was given retroactive effect on December 11, 2007.

  6. Based on this retroactivity, the statutory authority underlying it and the Supreme Court's intervening decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>Rita v. United States</u>, 127 S. CT. 2456 (2007); <u>Gall v. United States</u>, 128 S. CT. 586 (2007) and <u>Kimbrough v. United States</u>, 128 S. CT. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing Commission reports), Cornelius Booker brings this motion to reduce his sentence.

## **Supporting Memorandum**

  The Court's authority to reduce this sentence derives from 18 U.S.C § 3582 (c)(2) which provides,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. One of the amendments listed is Amendment 711 to the guidelines which reduced the base offense level for crack cocaine offenses. <u>See</u> U.S.S.G. App. C § 711.

Application of this amendment to the crack cocaine guideline in this case would result in a decrease of the Base Offense level from 34 to 32. If the Court were to carry through its original sentencing computations starting at level 32 instead of level 34, the defendant would be ultimately exposed to a sentencing range of 120-137 months, given the 10 year mandatory minimum sentence that must be imposed.

We are asking the court to reduce Booker's present 144 month sentenced to 120 months and in support of this request we apprise the court of Booker's laudable conduct and noteworthy achievements since his incarceration. Specifically,

1. His continued progress towards his bachelor's degree in specialized studies from the Ohio University College Program for the incarcerated.

2. His completion of the voluntary nine month non-residential drug program, the voluntary 12 step drug program and a mandatory 40 hour non-residential drug program.

3. His continuing volunteer work in the institutions in which he has been housed. He tutors other inmates in math.

4. His meritorious achievement in helping to save the life of another inmate.

5. His continued participation in the BOP suicide companion program (2004 - present) in which he watches over inmates who have harmed themselves.

6. He has also completed a suicide watch training program, an anger management program and fitness certification programs.

In short, Cornelius Booker has not wasted his time in the federal prison system. He has endeavored to improve himself and he has been of valuable assistance to others. And all long before there was any prospect of seeking a reduction of sentence. He is worthy of consideration for a reduction of sentence. Attached to this motion are the various certificates, awards and commendations that Booker has earned over the past five years.

## § 3553 (a) Analysis

The recent Supreme Court decisions in <u>Booker</u>, <u>Rita</u>, <u>Gall</u> and <u>Kimbrough</u> have created a more holistic sentencing environment in which the guidelines are but one of several factors to be considered in fashioning an appropriate sentence. Indeed, the "overarching provision" in § 3553(a) is the requirement that courts 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing. <u>Kimbrough</u> 128 S. CT. at 570. Booker and its progeny apply to the imposition of a new sentence under 18 U.S.C. § 3582 (c)(2). See <u>U.S. v. Hicks</u>, 472 F.3d 1167 (9th Circuit 2007). In light of this defendant's many notable accomplishments while incarcerated, Cornelius Booker is a worthwhile candidate for a sentence reduction. Congress allows the Court to lower this defendant's 144 month sentence and we urge the Court to do so.

Respectfully submitted,

By: /s/_____
Robert M. Casale, Esq.
250 West Main Street
Branford, Connecticut 06405
Fed. Bar #: CT 00156
Telephone: 203-488-6363
Facsimile: 203-483-9850
Email: AttorneyCasale@aol.com
For Defendant Cornelius Booker

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2008, the foregoing Motion for Reduction of Sentence was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Courts electronic filing system. Parties may access this filing through the Courts CM/ECF System.

/s/_____
Robert M. Casale, Esq.